Edgar I. Singer v. Commissioner.
Singer v. Commissioner
Docket No. 41486.
United States Tax Court
1953 Tax Ct. Memo LEXIS 293; 12 T.C.M. (CCH) 403; T.C.M. (RIA) 53125; April 16, 1953
*293 1. Amount of additional unreported income realized by petitioner in 1948 and 1949 from his employment as "pickup man" for operators of numbers games determined. 2. Petitioner's failure to report such additional income held to have been due to negligence, and respondent sustained in his imposition of a 5 per cent addition to tax therefor. Lyman Brownfield, Esq., 50 West Broad Street, Columbus, Ohio, for the petitioner. Michael J. Clare, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion Respondent originally determined deficiencies in income taxes of petitioner and additions thereto for negligence in years and amounts as follows: Addition to
Tax Under
Year
Deficiency
Section 293, I.R.C.
1948
$2,941.60
$147.07
1949
1,145.47
57.27
At the hearing, respondent's motion to amend his pleadings to conform with the proof adduced was granted. Whereupon, respondent claimed increased deficiency and addition to tax for the year 1949. The deficiencies in income taxes of petitioner, together with the additions thereto, now claimed by respondent are as follows: Addition to
Tax Under
Year
Deficiency
Section 293, I.R.C.
1948
$2,941.60
$147.07
1949
2,011.87
100.59
*294 On brief, petitioner abandons the defense of the statute of limitations originally asserted by him and formally concedes that the assessment of a deficiency for the year 1948 is not so barred. The deficiencies as determined by respondent arose from the omission of income received as a "pickup man" engaged in the numbers or lottery business. Findings of Fact The petitioner is an individual who, during the taxable years 1948 and 1949, resided in Newark, Ohio. At the time of the hearing, he was 59 years of age; had been married since September 1950; and was employed as a butler in a private home in Columbus, Ohio. He filed his income tax returns for 1948 and 1949, the years here involved, with the collector of internal revenue for the eleventh district of Ohio at Columbus. In his return for 1948, petitioner reported a gross income of $1,186.29, on which he paid a tax of $34.87. The amount so reported as gross income was classified as wages from the Pharis Tire Company, Newark, Ohio, by which firm petitioner was employed as a laborer until some time in May 1948. In his income tax return for 1949, petitioner reported gross income of $934, on which no tax was paid. He listed his *295 occupation thereon as salesman. He did not indicate for whom he was so employed. Under Schedule E of the return, he indicated that such income was received from personal service work. During the years involved, petitioner was engaged as a "pickup man" in the operation of a lottery or numbers game. Prior to the time he left the Pharis Tire Company, in May 1948, he joined with a group of fellow workers in writing such numbers bets and sending them out through a "pickup man." After he left Pharis Tire Company, petitioner became employed on a full time basis in the lottery or numbers business. He was so employed as a "pickup man" for the numbers house of Artis & Rice from about June 1, 1948, until about June of 1949. From about June 22, 1949, to November 28, 1949, petitioner was employed as a "pickup man" for such a numbers game operated by one James Lawson. During the remainder of 1949, petitioner picked up and placed bets received from the players with one Harlow Beatty, receiving a salary of $40 per week. In his occupation of "pickup man" for the various numbers operators, petitioner worked six days per week, September through May, and five days per week, June through August, of 1948 *296 and 1949. Commissions equivalent to 25 per cent of the gross bets picked up and placed by petitioner with such numbers operators were retained by persons writing the bets, while an additional 7 per cent thereof was paid petitioner for his commission as "pickup man." Thus, the writer and "pickup man" received commissions totaling 32 per cent of the gross bets or "high play." During the taxable years, petitioner, in some instances, wrote bets on his own account. On occasion he also did some gambling on the numbers himself. After the deduction from the gross bets or "high play" of writer and "pickup man" commissions aggregating 32 per cent thereof, the remaining 68 per cent was received by the operator of the numbers game involved. This latter amount is known to gambling circles as "net play" or "low" bet. The amounts which Artis & Rice received from petitioner out of the total amounts bet by the players amounted to a low of $70 a day to a high of over $200 a day. The sum of $100 per day is a fair average of petitioner's business. The total of the "net play" thus received by Artis & Rice from petitioner during 1948 and 1949 was as follows: 1948
$27,476.16
1949
15,729.44
*297 For the period from June 22, 1949, to November 28, 1949, during which period petitioner was employed as a "pickup man" for Lawson, his "net play" with Lawson averaged $100 per day. Petitioner did not report any income from these sources during either of the taxable years involved. In addition to the commissions received by petitioner, he also received automobile expense allowances from the principals or numbers houses by which he was employed. These allowances ranged from $15 per week when petitioner first began placing bets with Artis & Rice to $30 per week a few months later. This latter arrangement continued throughout the time the petitioner did business with Artis & Rice and James Lawson. While employed as a "pickup man" for Harlow Beatty from November 28, 1949, through December 31, 1949, petitioner received $40 per week as straight salary in lieu of commissions and expense money. No part of this income was reported by petitioner in his returns for the taxable years 1948 and 1949. Petitioner's failure to report such additional income in his income tax returns for 1948 and 1949 was due to negligence. Opinion VAN FOSSAN, Judge: In this case we have a record that defies *298 clear understanding or logical analysis. It might fairly be said that neither the petitioner nor the respondent satisfactorily proved his case. Petitioner, on whom rested the burden of disproving the deficiency, established that Commissioner's original determination, in which he attributed to petitioner 16 per cent of all business done as a "pickup man" in the numbers or lottery business, was arbitrarily determined. Petitioner admitted, however, that he received 7 per cent on such business, which income was not reported. We also know, and have set out in the findings of fact, the total amounts of the "net play" received by the firm of Artis & Rice and originating with petitioner, as well as the amount of business done for James Lawson and the salary received from Harlow Beatty. By employing these figures, petitioner's income from this source can be approximated and the deficiency redetermined. There should be added also the 5 per cent penalty for negligence, there being no countervailing proof. As to respondent's claim for an increased deficiency, on which the burden of proof rested on him, there is a clear failure of proof. Decision will be entered under Rule 50.